

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Henry C. Kyle
County Attorney
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. 0-7172

Re: Does the Board of Trustees of the San Marcos Independent School District have authority to designate that trustees run for certain places on the School Board?

We have for attention your request for an opinion on the above subject. Your letter reads in part as follows:

"The Board of Trustees of the San Marcos Independent School District has passed a resolution to the effect that the candidates for that Board of Trustees must run for places 1, 2, 3, 4 etc., that all persons announcing for the Board of Trustees shall designate the number of that place for which they are running, and that the person receiving the highest number of votes for each respective place will be declared elected for that particular place.

"The San Marcos Independent School District is a rural high school district, established in accordance with Chapter 19A, Revised Civil Statutes of 1925, created by annexing one or more common school districts to an independent school district.

"...

"May the Board of Trustees of the San Marcos Independent School District, a rural high school district, designate that Trustees run for certain designated places and declare that the persons receiving the highest number of votes for the

respective places be entitled to serve as Trustees
rather than the three (3) or four (4) candidates
receiving the largest number of votes, irrespective
of such places, be entitled to serve as Trustees?"

Article 2922 (e), Vernon's Annotated Civil
Statutes provides for method of control of Rural High School
District.   Pertinent provisions of the article are as follows:

"The control and management of the
schools of a rural high school district, estab-
lished under the provisions of this Act, shall
be vested in a board of seven trustees, elected
by the qualified voters of the said district at
large, who shall be elected and serve in accord-
ance with the provisions of General Law relative
to common school districts, except as may be
otherwise provided herein; . . . Four of said
trustees shall be elected each odd number of
years and three on each even number of years on
the first Saturday in April.  The trustees of the
first board shall draw for terms."

Article 2922 (b), Vernon's Annotated Statutes
sets up a classification for rural high school districts.  We
quote the article below:

"Rural high school districts as provided
for in the preceding article shall be classed as
common school districts, and all other districts,
whether common or independent, composing such rural
high school district shall be referred to in this
Act as elementary school districts; provided that all
independent school districts enlarged by the annexation
thereto of one or more common school districts as pro-
vided for in Article 2922a shall retain its status and
name as an independent school district, and shall
continue to operate as an independent school district
under the provisions of the existing laws and the laws
hereafter enacted governing other independent school
districts, except as otherwise provided for herein."
(Underscoring ours).

We believe the general law governing the election
of trustees for independent school districts is found in Article

2777, Vernon's Annotated Statutes, and that the provisions
of this article should be applied to the method of election
of trustees in Rural High School Districts despite the pro-
visions of Articles 2922(e) and 2745. Article 2745 contem-
plates the election of three trustees for a common school
district. In the case at hand we have the election of a board
of seven trustees in question. Article 2922(b) states that
the district when enlarged by the annexation thereto of one
or more common school districts shall retain its status as
an independent school district and "continue to operate as an
independent school district under the provisions of existing
laws and the laws hereafter enacted governing other indepen-
dent school districts, except as otherwise provided for
herein."

Article 2777 provides:

"The seven candidates receiving the largest
number of votes at the first election, and the three
or four candidates receiving the largest number of votes
at all subsequent elections, shall be entitled to serve
as trustees hereunder. Those elected at the first
election shall determine by lot the term for which
they are to serve. The four members drawing numbers
one, two, three and four shall serve for one year, and
the three members drawing the numbers five, six and
seven shall serve two years, or until the second of
April thereafter, and until their successors are
elected and qualified; and regularly thereafter on the
first Saturday in April of each year, four trustees and
three trustees, alternately, shall be elected for a
term of two years, to succeed the trustees whose term
shall at that time expire. The members of the board
remaining after a vacancy shall fill the same for the
unexpired term." (Underscoring ours).

We have found no statute that would authorize the
Board of Trustees of a rural high school to designate the places
for which an individual candidate must run, and in the absence
of such, it is our opinion that the three or four candidates

receiving the largest number of votes should be declared
elected in accordance with the provisions of Article 2777.

Trusting the above satisfactorily answers your
question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      E. H. DeGeurin
            Assistant

EMDeG:bt

APPROVED APR 12, 1946

(Acting) ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN